Dávila et al., Plaintiffs and Appellants, *v.* Barreiro, Defendant and Respondent.

Appeal from the District Court of Humacao in an action for the execution of a deed and the delivery of property.

Motion of the respondent for the dismissal of the appeal.

No. 1079.—Decided January 20, 1914.

Appeal—Dismissal of Appeal—Unappealable Order—Default.—The defendant demurred to the complaint and the demurrer having been overruled he was given time to answer, and upon his failure to do so the plaintiff moved that default be entered against the defendant, which was granted. The defendant moved to set aside the default entered against him and his motion was sustained. It was held that the appeal from said order should be dismissed for the reason that said order is not appealable.

The facts are stated in the opinion.
*Messrs. Aponte & Aponte* for appellants.
*Messrs. Bosch & Soto* for respondent.
Mr. Justice Aldrey delivered the opinion of the court.

The respondent in this case moved for a dismissal of the appeal on the ground that this court was without jurisdiction because the order from which the appeal is taken is not appealable.

The order appealed from is one entered in a suit by the District Court of Humacao on November 4, 1913, setting aside the default which had been entered against the defendant.

As we have said on other occasions, the right of appeal is statutory and we have jurisdiction to entertain appeals only when the law expressly grants that right; therefore we

must consider whether the order appealed from is among those from which the statutes allow an appeal.

Section 295 of the Code of Civil Procedure enumerates the cases in which an appeal may be taken to this court from decisions of district courts. Said section, as amended by Acts of March 9, 1905, and March 11, 1908, reads as follows:

"Section 295.—An appeal may be taken to the Supreme Court from a District Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interests thereon exceed three hundred dollars ($300).

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

The appeal was not taken from a judgment and therefore the first two paragraphs can not apply to the present case. As to the third paragraph, while it specifies the cases in which appeals may be taken from certain orders of the district courts, a simple perusal thereof is sufficient to show that among them is not included an order setting aside the entry of a default, as is that appealed from in this case.

The appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.